Filed 7/20/22  L.A. v. Brown CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| L.A., <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> MARK BROWN, <br><br>    Defendant and Appellant. | 2d Civ. No. B310964 <br> (Super. Ct. No. 21CV-0020) <br> (San Luis Obispo County) |

     While still a minor, L.A. petitioned for a civil harassment restraining order against Mark Brown, his former attorney and roommate.  Brown did not file a response to the petition, which was scheduled to be heard on February 5, 2021.

     Brown submitted a request to continue the hearing on February 4, 2021.  The request was "not filed" by the clerk and the hearing went forward as scheduled.[1]

---

[1] We grant the motion for judicial notice filed by Brown on November 16, 2021, and the motion for judicial notice filed by L.A. on January 21, 2022.  (See Evid. Code, §§ 452, 459.)

The hearing was held by "Zoom" videoconference. After noting Brown's absence, the trial court examined L.A. and found "clear and convincing evidence to issue a [three-year] restraining order." Brown contends this was error (1) because the court clerk improperly refused to file his request for a continuance and (2) because his failure to appear was the result of an issue with the Zoom application. The record fails to support either contention. We affirm.

## DISCUSSION

L.A.'s petition for a civil harassment restraining order *([L.A.] v. Brown* (Super. Ct. San Luis Obispo County, 2021, No. 21CV-0020)), alleged, among other things, that Brown had racially profiled him and stalked him around the house. Brown responded by filing his own petition for a civil harassment restraining order against L.A. (*Brown v. [L.A.]* (Super. Ct. San Luis Obispo County, 2021, No. 21CV-0021)). Brown alleged that L.A.'s threatening and harassing behavior was witnessed by Jeremy Hall, another roommate, and by Tyler Stuart, L.A.'s legal guardian. Temporary restraining orders were granted in both cases.

The cases were scheduled for hearing on February 5, 2021. Code of Civil Procedure section 527.6, subdivision (o) entitles the respondent, "as a matter of course, to one continuance, for a reasonable period, to respond to the petition." Brown attempted to file a request to continue both hearings. The court's docket reflects that the request to continue was "not filed" but does not state a reason.

Brown contends the presentation of his request for a continuance with proof of service was sufficient for it to be filed, but he has not provided us with a copy of that request. He has

2

included only a blank Request to Continue Court Hearing (Form CH-115.) We cannot conclude on this limited record that the clerk erred by not filing whatever was submitted.

Brown also claims he made numerous unsuccessful attempts to join the Zoom videoconference on February 5, 2021. He states in his opening brief that (1) he "was on [the] Zoom app on a desk top computer" at 8:50 a.m.; (2) a paralegal called the clerk's office to ask why Brown had not been invited into the videoconference; (3) a paralegal then signed into the Zoom event under his name; and (4) a paralegal called the clerk's office again at 9:30 a.m. and was told that the trial court was calling another case but that Brown would be let into the videoconference after that case.[2]

As Brown concedes, "[n]one of this information is available as a record of the superior court file to be available for use on appeal." This deficiency is fatal to his appeal. "When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, *if it is not in the record, it did not happen*; and third, when in doubt, refer back to rules one and two." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364, italics added.) The record confirms Brown was not present at the hearing and he has not demonstrated that the trial court erred by proceeding without

_____

[2] As noted at oral argument, Brown did not seek assistance from opposing counsel, who had successfully joined the videoconference and could have apprised the court of the situation.

him.  Brown's remedy, if any, was to seek reconsideration in the trial court.[3]

DISPOSITION

The judgment (order granting civil harassment restraining order) is affirmed.  L.A. shall recover his costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P.J.


YEGAN, J.

---

[3] Prior to oral argument, we advised Brown that we were considering awarding sanctions pursuant to Rules 8.276(a)(1) and 8.276(c) of the California Rules of Court.  We decline to do so.

Ginger E. Garrett, Judge
Superior Court County of San Luis Obispo

_____

Ferreira Law Group, Gabriella Ferreira, for Plaintiff and Respondent.

Mark Brown, in pro. per., for Defendant and Appellant.